of Griffin Sneed, deceased, in the sum of thirteen hundred dollars, due on a certain article of agreement made and entered into between Griffin Sneed, in his lifetime, and the said William Meguire, dated the nineteenth day of May, 1815."

The objections to this affidavit, he said, were—1. The affidavit was made by the attorney in the cause. He con-. ceived it inconsistent with practice for the attorney to make an affidavit to hold to bail, when the plaintiff himself was within the jurisdiction of the court.

2. The affidavit is made by A. B., a third person, not party to the suit, and does not state, whether it is made by him, as attorney or agent, or in what character.

3. The affidavit does not set out any breach. It states the money to be due on a certain article of agreement. It does not appear but what these articles of agreement have been completed.

FORD, J. The great defect in the affidavit is, that it does not set out a breach.

BY THE COURT. Let the defendant be discharged on common bail.

---

WILKINS and BLACK *against* BUDD.

This court will not order a judgment to be vacated because the plaintiff thinks he has discovered a partner of the defendant, to enable plaintiff to bring an action against the defendant and such supposed partner.

---

*Wall* applied to the court to vacate the judgment obtained by the plaintiffs against Budd in this case. He said, that since the judgment, Wilkins and Black thought they had discovered a partner of Budd, *viz:* Jones, and, therefore, as

they have been able to obtain nothing on the execution against Budd, they wished to vacate their judgment against him, so as to proceed against Budd and Jones, as partners.

I can find no case authorizing the vacation of the judgment; but in 18 *John.* 459, 476, 484, I find something touching upon the case. All the law relative to a judgment obtained against one person, before a dormant partner is discovered, is there fully discussed. No one could be injured by allowing the judgment to be vacated, except Jones, the dormant partner, and he can have no right to oppose the application.

*Ewing,* on behalf of Wesley Budd, the defendant in the former action, opposed this motion. In March, 1818, Isaac Wilkins filed an affidavit, that Budd was indebted for goods, wares, &c., sold by Wilkins and Black. At the Circuit, the plea of Budd was relinquished, and a *ca. sa.* issued, but no *fi. fa.* Budd was arrested on the *ca. sa.* and a compromise took place between Budd and Wilkins and Black, and they ordered the sheriff to discharge Budd; and afterwards Wilkins and Black prosecuted Budd and Jones on the same cause of action; and fearing that this judgment may be set up against their recovery in this second action, have moved to vacate their judgment against Black. This application is made three years after the judgment was obtained. I insist, that the court have no power at this lapse of time to vacate the judgment. If the recovery of judgment against one partner is a bar to an action against two, then the court have no power to deprive him of that right. There is no instance where a plaintiff has been suffered, after such a lapse of time, to vacate a judgment; even a writ of error could not now be brought. Has any power been shewn to reside in this court of vacating judgment after such a lapse of time? There is a case in *Salkeld* which says, the court may vacate their judgment during the *term,* but no case can be found where they have done it at a subsequent term.

*Wall*, in reply, said, he had not supposed that the gentle-man would have placed himself upon the ground, that the court had not power to interfere during the term, after the opinion expressed by this court in the case of *Reed* v. *Bainbridge*, 1 *South.* 351. This case fully establishes the power of the court to interfere. The case in the Supreme Court of the U. S. (6 *Cranch.* 253) is the only case which says, that a judgment against one partner will not bar an action against the two; but this is opposed by the case in the Supreme Court of New York, and by Chief Justice Kent and Justice Washington. The objection entitled to most weight is, that Budd has been arrested and discharged; but the general fact, that the party derived no satisfaction, either actually or legally, is correct. The circumstance of the *ca. sa.* having been issued is no discharge; he must have been actually arrested, or have paid the money. Your honors must confine your attention to what appears upon the record, *viz :* the sheriff's return. The return was *" received the plaintiff's discharge from the within writ."* This was only to exonerate the sheriff, and the defendant, Budd, has no right to take any advantage of that discharge. As to the effect upon Budd's interest, it is imaginary; there can be no injurious consequences to Budd in case we succeed. Jones is the only one who is interested in opposing this application. There is no analogy to a writ of error, and because a writ of error could not be brought after three years, it is no reason why the court, after that lapse of time, would not vacate. But this application was made at the last term, when three years had not expired, *curia advisare vult.*

At a subsequent day in the term, the court said, they had conferred upon this case, and they refused to vacate the judgment, but ordered the rule to shew cause to be discharged.